WESTERN DIST.
October, 1840.

HARRISON
vs.
BOWEN.

HARRISON vs. BOWEN.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF CONCORDIA.

Where a commission is addressed to a person by name in another state as a special commissioner to take depositions, his capacity and signature and that of the witness who testifies, are not required to be proved.

Notice of protest sent to a post-office, in a different state from that in which the endorser resides, is sufficient, when it is shown to be the nearest to his residence and he receives his letters and papers there.

It is not indispensably necessary that demand of payment and notice be made and given by a notary. Any other person may make demand and give notice; the mode of proof only is different.

This is an action against the payee and endorser of a note. The plaintiff alleges he is a citizen of Mississippi and holder of the note, and that the defendant is a citizen of Concordia, in Louisiana, and the first endorser thereon; and he prays judgment for the amount, the same having been protested and due notice given.

The defendant excepted, that it was not shown the court had jurisdiction, as the *residence* of neither plaintiff or defendant was alleged or stated, and the suit should be dismissed.

In answer to the merits, he admitted his signature on the note and pleaded the general issue. Upon these pleadings and issues the parties went to trial.

A commission had been addressed to W. S. Purdue a justice of the peace at Natchez, to take the deposition of James K. Cook, the notary who protested the note. It was returned duly executed, but there was no proof of the official capacity of the commissioner, or of his and the witness's signatures, except the bare signatures themselves, and it was objected that they could be read in evidence without this proof. The objection was sustained, and the plaintiff excepted. Interrogatories were propounded, and the answers to them by the defendant read in evidence, and which are fully noticed and their tenor stated in the opinion of this court.

On hearing the other testimony and arguments of counsel, the judge presiding non-suited the plaintiff and he appealed.

The case was argued by *Mr. Barbour,* for the plaintiff and appellant, and by *Mr. Stacy* for the defendant.

*Garland, J.,* delivered the opinion of the court.

The defendant is sued as the endorser of a promissory note for seven thousand five hundred and twenty-four dollars and fifty-eight cents, drawn at Rodney, in the state of Mississippi, on the 1st January, 1836, by Wilson & Allison, payable to him at the Planters' Bank, Natchez, and endorsed in blank by him and Charles S. Lee. At the bottom of the note is written,

"The drawers, Wilson & Allison, will acknowledge notice at Rodney."

First endorser, A. G. BOWEN, *Rodney.*
Second endorser, CHARLES S. LEE, *Rodney.*

Every means of defence has been resorted to, except contesting the justice of the demand. The defendant was interrogated to ascertain if the makers of the note had not signed it. He answers " that he does not know if they did execute it, and if deponent knew of the execution, he has forgotten it. He was further asked, if he had not endorsed the note. He replies "that he cannot say with certainty ; if he did endorse the same, which he cannot say, he has forgotten it ; as if endorsed by him, he has not seen the note since." This is his answer, on oath, and yet it is admitted, in his answer to the petition, that he did endorse the note. He was then asked, "did you receive notice of the non-payment and protest of the same at Rodney, as stated?" and he answers in a single monosyllable, " *No.* " These answers are most extraordinary, to say the least of them. That a man residing in the country, a planter, perhaps, should not be able to recollect whether or not a note for more than seven thousand five hundred dollars, payable to himself, was executed by the makers and endorsed by him, is most remarkable, and shows such want or inaccuracy of memory, as induces us to place very little reliance on his brief negation of the non-reception of notice of protest. He has probably seized upon the peculiar phraseology of the interrogatory to justify the answer. In charity to the defendant we shall consider this case as though these answers were not in the record.

The ground of defence is a want of notice. We think it is sufficiently proved that the defendant did sign the agreement to receive notice at Rodney. Two witnesses swear to the signature to the memorandum to that effect ; one of them the late parish judge of Concordia, and the others say they are doubtful, or do not know whether it is his signature. The defendant lives on the Louisiana side of the Mississippi, and Rodney is proved to be the nearest post-office to him, and he gets his letters and papers from thence. It is not attempted to be shown that he receives them any where else, or that there is a post-office nearer to him. The question then is, was a notice sent to him at Rodney sufficient? The

first evidence offered, was a paper purporting to be a protest,
made by a person stating himself to be a notary public in
Natchez.   It was objected to, and rejected by the court.
The plaintiff took a bill of exceptions.   We do not consider
it necessary to decide upon that now.   The plaintiff then
offered the deposition of James K. Cook, taken in Missis-
sippi, by William S. Purdue, a justice of the peace in Natch-
ez, to whom the commission was by name directed.   The
defendant interposed various objections to the admission of this
deposition, which being overruled by the court, he excepted.

1st.  That the official capacity of Purdue, the commissioner
appointed by the court to take the deposition, was not proved.

2nd.  There was no proof of his signature or that he had
reduced the deposition to writing.

3d.  That as a consequence the signature of Cook was
not attested.

4th.  That the first interrogatory and the answer thereto
was illegal and inadmissible, as it attempts to prove the offi-
cial capacity of Cook by parole.

5th.  That the second interrogatory and the answer there-
to is inadmissible, because the questions contained in it are
" leading questions."

The three first objections can be disposed of together.
William S. Purdue, a justice of the peace, residing in Natchez,
was appointed a special commissioner by the court, and the
commission directed to him by name.   In such a case it is
not necessary to prove his signature or that of the witness
who testifies.   His certificate is sufficient, as he is *quo ad hoc,*
the officer of the court.   It is sufficient, if the answers be
reduced to writing, by a disinterested person, and signed by
the witness in presence of the commissioner.   It is certified
in this case, that the witness wrote his own answers and
signed them in presence of the justice.

Where a commission is addressed to a person by name in another state as a special commissioner to take depositions, his capacity and signature and that of the witness who testifies, are not required to be proved.

The fourth objection, it is not necessary to decide, as the
plaintiff does not rely on the protest, which is the official act
of the notary, but relies upon his deposition to prove a demand
of payment and the giving of notice.

The answer to the fifth objection is, we do not consider the
second interrogatory a leading question.

The judge did not err in receiving the deposition. Cook says on the day the note was payable, he went with it to the Planters' Bank at Natchez, whilst the bank was open, presented it and demanded payment, which was refused. He described the note particularly, and says he protested it the same evening, and prepared a notice in writing addressed to the defendant at Rodney, Mississippi, informing him the holder looked to him for payment, which notice he placed in the post-office at Natchez, the next morning about nine o'clock in the forenoon, in time to go by the mail of that day. It is seldom that we see a witness testifying with so much particularity and accuracy. It is not indispensably necessary that a demand of payment of a note should be made and notice given by a notary public. Any other person may make such demand and give notice, but the mode of proof is different. By our law the certificate of a notary is evidence of demand and notice of protest, but when such demand is made and notice given by a private individual, it must be strictly proved by the person making it, or other competent testimony. The note was admitted in evidence without objection, and, upon a full examination of the evidence, we are satisfied the plaintiff has made out his case and ought to recover, and that the district judge erred in dismissing the suit.

It is not indispensably necessary that demand of payment and notice be made and given by a notary. Any other person may make demand and give notice; the mode of proof only is different.

The parties agree that the statute of the state of Mississippi, allowing interest on promissory notes, shall be considered as in evidence, which allows eight per cent. per annum on demands of this description.

It is, therefore, ordered and adjudged, that the judgment of the District Court be annulled and reversed; and this court proceeding to give such judgment as ought to have been given in the court below, do further order, adjudge and decree, that the plaintiff, Nathaniel Harrison, recover of and have judgment against the defendant, Allen G. Bowen, for the sum of seven thousand five hundred and twenty-four dollars and fifty-eight cents, with interest at the rate of eight per cent. per annum from the fifth day of January, in the year 1838, until paid, with costs in both courts.